UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,        )
                                   )
        Plaintiff,          )
                                   )
        v.            )      Cause No. 3:14-CV-1992 JD
                                   )
C.O. SUMNER,               )
                                   )
        Defendant.     )

OPINION AND ORDER

Christopher L. Scruggs, a *pro se* prisoner, filed a complaint under 42 U.S.C. section 1983 alleging C.O. Sumner used excessive force against him on January 28, 2014, in violation of the Eighth Amendment.  (DE 2.)  Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs*., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Scruggs complains about events that occurred on January 28, 2014,while he was an

inmate at the Westville Control Unit ("Westville"). (DE 2 at 3.)  Scruggs alleges that he was accompanied by Officers Backus and Sumner walking back to his cell.  They were all joking around, and "talking shit to each other."  (DE 2 at 3.)  At one point, Officer Sumner became upset at Scruggs for making fun of him. When it was time to place leg cuffs on Scruggs, Scruggs asked Sumner to place the cuff on his sock instead of directly on his skin because of a medical condition that made his skin extra sensitive.  However, because he was mad at Scruggs, Sumner placed the cuff directly on the skin of Scruggs' legs and then pulled on the cuff in an effort to hurt Scruggs. Scruggs claims to have suffered "intense and excruciating" pain from the cuffing incident.  In addition, while Scruggs was explaining his medical condition to Sumner, Sumner pepper sprayed him.  Scruggs called Sumner a "dumb ass" for spraying him, which caused Sumner to again pepper spray him.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Here, the complaint can be read to allege that Sumner cuffed Scruggs in a manner and used pepper spray on him to maliciously or sadistically cause harm. Giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed further against Officer Sumner. Further factual development may show Sumner acted reasonably under the circumstances, but Scruggs has alleged enough at this stage.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed on a claim against O.C. Sumner in his individual capacity for monetary damages for using excessive force against him on January 28, 2014;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 for O.C. Sumner to the United States Marshals Service along with a copy of the complaint (DE 2) and this order;

(4) **DIRECTS** the U.S. Marshals Service to effect service of process on O.C. Sumner pursuant to 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that O.C. Sumner respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: December 29, 2014

       /s/ JON E. DEGUILIO
      Judge
      United States District Court